UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| JAMES EDWARD ROSS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.:   1:20-CV-361-TAV-SKL |
| | ) | |
| MCDONALDS CORP., | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

This civil matter is before the Court on the Report and Recommendation (R&R)

entered by United States Magistrate Judge Susan K. Lee on February 26, 2021 [Doc. 9],

regarding pro se defendant James Ross's application to proceed in forma pauperis

[Doc. 2].  In the R&R, the magistrate judge does not reach the question of defendant's

indigence because she recommends that this action be dismissed with prejudice under

Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, 28 U.S.C. § 1915(e),

which permits the Court to dismiss frivolous filings by parties who wish to proceed in

forma pauperis, and Eastern District of Tennessee Local Rule 83.13, permitting dismissal

for failure to timely respond to an order or pleading addressed to the last address

provided to the Clerk.   Accordingly, the magistrate judge also recommends that

defendant's application to proceed in forma pauperis [Doc. 2] be denied as moot.  There

have been no timely objections filed to the R&R,[1] and enough time has passed since the filing of the R&R to treat any objections as having been waived. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

After careful review of the matter, the Court agrees with the magistrate judge's recommendations. Accordingly, the Court **ACCEPTS** the R&R [Doc. 9] in full pursuant to 28 U.S.C. § 636(b)(1). This action is **DISMISSED WITH PREJUDICE,** and defendant's application to proceed in forma pauperis [Doc. 2] is **DENIED as MOOT**. The Clerk of Court is **DIRECTED** to **CLOSE** this case.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE

---

[1] A docket notation was made [Doc. 10] that mail containing the R&R sent to plaintiff at the address listed on the docket (general delivery to Chattanooga, TN since plaintiff does not otherwise list a residence [Doc. 1 p. 1]) was returned as undeliverable. The envelope has a notation by the U.S. Postal Service that the mail was unable to be forwarded. The Court notes that defendant was notified of his requirement to update the Clerk and other parties to the proceeding with any change of address pursuant to Local Rule 83.13 [Doc. 3].